Good morning, Your Honors. May it please the Court, my name is Jeremy Sporn from the Federal Defenders of Eastern Washington. I represent the appellant, Walter Harrington, in this appeal. I'd like to reserve two minutes, if I might, for rebuttal argument. I think the issue in this appeal is relatively narrow and straightforward, and it's whether enhancing a conviction for assaulting a spouse by strangulation because the offense involves assaulting a spouse by strangulation constitutes the kind of impermissible double-counting that this Court has warned against. Well, let me ask you this. Does the 14-point base offense level under Section 22A, 2.2a of the guidelines apply only to individuals convicted of assault by strangling? No, Your Honor. It applies to multiple forms of aggravated assault. Okay. So if not, then how is there double-counting? There's double-counting because this Court has stated in multiple cases that where an enhancement replicates an essential element of conviction, that that constitutes impermissible double-counting. I think the key In multiple cases, Hornbuckle and Where-Elt. Hornbuckle, there's a very similar statement in a case called United States v. BASA, B-A-S-A, and there's a similar language in a case called United States v. Smith. Right. And so those cases are different in a way that Judge Callahan is, I think, trying to call your attention to, right? Because just take Hornbuckle, for example. It refers to is that the crime of conviction has a base offense level custom-made for it, right? Custom-made for it. Whereas in this case, in Mr. Harrington's case, the base offense guideline that we're looking at sweeps in a whole bunch of different crimes of conviction. It does, Your Honor, but all of those crimes are aggravated in some way, and that's why they fall under the ambit of that aggravated assault guideline. We're assuming, I think, that all of them are equally aggravated, as it were, that the sentencing commission has determined that they're all created equal, and that's not the case, right? Well, Your Honor, that actually is my position, that they are not distinguished from one another by different degrees of culpability. They're all aggravated. They all have something bad in them. But the guideline, after specifying the base offense level of 14, goes through almost one by one, different variations of assault, adding different levels, depending on which one it is. That's true. It has an enhancement for use of a dangerous weapon, for the severity of the victim. Injury, strangling, and so on. So the base offense level, I'm basically following along on the questions of my colleagues here. It seems to me that the base offense level is for generic aggravated assault, without yet taking into consideration the precise mechanism of the assault, or the consequence of the assault. I think appellants have tried to make similar types of arguments in previous assault cases, and they failed, I think, for that precise reason. But I think the distinction here is that the court, or the district court in sentencing, enhanced the sentence for the very elements that constitute the underlying offense of conviction, in a way that's different from other cases that have come before it. Your argument, then, is that this is a base offense level 14, and nothing can be added? Is that your view? No. No, that's not our view. Because in coming to a plea agreement with the government, we stipulated to an additional, I believe, seven levels, on top of that 14 base offense level. But they dismissed an attempted murder, too, right? They dismissed an attempted murder, right? The count was assault with intent to commit murder. Does that have a life sentence? I don't believe it has a life sentence. It certainly has a significant sentence, and I think the guideline may have been enhanced because of that. What you do have going for you is the crime of conviction is incredibly specific here. The crime of conviction is basically assault of a domestic partner by strangling, right? Correct. Those are the elements, I'm paraphrasing, but those are the elements of your crime of conviction. So it's very specific. But once you match that, right, then you get right back into, I think the problem you've got to grapple with is the problem that we're identifying when you get to the base offense level, the guidelines sweeping in several different offenses, right? It does sweep in several different offenses, that's right. If I'm understanding your argument correctly, you're not disputing that once you get convicted of assaulting your domestic partner by strangling, it's okay to enhance pursuant to this guideline for an injury, a serious injury, which I think you haven't even objected to that. That's correct. What you are objecting to is a further enhancement for assault by strangulation because you already got convicted of that. That's correct. And I think it goes back to what this court and others have said about different guideline provisions targeting different kinds of harm or different kinds of conduct. And the reason I don't have an issue with the enhancement for the severity of the victim's injury in this case is that that enhancement speaks to a distinct and unique type of harm rather than strangulation. It's going to sound bad to say, but you can strangle someone or attempt to strangle them and they may not suffer a great degree of personal injury. It's not something that's necessarily inherent to the offense or to the act of strangling itself. It targets different issues and there are unique purposes to those two different provisions. So in other cases, we have said this sort of paraphrase the rule, which is if you can satisfy and fall within this base offense guideline without having strangled somebody, it's okay to add the enhancement. Your problem is your client was convicted of strangling somebody. That's true. That's where the double counter comes in. That's true. And how much of that is a function of Joey and the other cases stating the rule a little too broadly? Well, I would respectfully disagree as to whether the rule was stated too broadly in those cases. I think it's stated in the context of the facts that were presented. And Joey, for example, I believe that was the case that dealt with a conviction under 2260A for committing telephone threat. I'm sorry, but at any rate, but it's just, I'm not sure how far down your time is going to take away if we go too far into Joey. I think your position is you think Joey is confined to the facts of Joey. You've given us that, but can you want to take one more run at your best double counting argument? There's not a way to commit the offense of assaulting a spouse by strangulation without incurring the enhancement that was applied here. And I think if it was the sentencing commission's position that the offense level should have been raised, that it should have been essentially 17 instead of the base offense level of 14, it would have simply said so. It would have established. Arguably it did. That's Judge Fletcher's point. Arguably it did because the commentary says that your particular crime of conviction, which is assault by strangulation, is still subject to this guideline. So what's your best response to that? I don't think it did because it specifically said in 2A.2.2B.7 that when a defendant is convicted of certain statutory violations, namely 111B and section 115, increase the base offense level by 2. So I think the commission there is specifically saying that, well, for those two offenses, we need to raise the offense level. And it's also said in the commentary, I believe, that the Chapter 3A.1.2 enhancement for an official victim should be applied cumulatively. I see that I have two minutes remaining, and I would like to reserve those two minutes. Perfect. Thank you. May it please the Court, Tom Hanlon, appearing for the United States. Good morning. Good morning. 18 United States Code Section 113 identifies the federal assaults, misdemeanors, and felonies. Pursuant to Chapter 2 of the guidelines, we then have the two provisions, one for misdemeanors, 2A.2.3, and then one for felonies, 2A.2.2. As has been highlighted by the Court, the commission did not identify a specific base offense level for each individual felony assault. Rather, every felony assault, whether it's strangulation, assault causing or resulting in serious bodily injury, assault with a firearm, assault on the commission of another felony offense, has a base offense level 14. The purpose of the guidelines is to punish the defendant for their full context, for what they did in their particular case. So the commission put together the specific offense characteristics. The point being is to capture all of the relevant conduct, to punish the defendant for all the acts he's responsible for. So what would you say is your best authority that the enhancement here was not double counting? First, I would point to United States v. Wreaths, 9th Circuit, 1993. That was a case involving the Oakland Housing Authority Police. And in that case, they talked about double counting and they also referred to a 1st Circuit case, which was United States v. Newman, and that was assault resulting in serious bodily injury. And then the defendant also received the enhancement for serious bodily injury. And this Court, looking at that case, cited the holding, which was the use of fact that defendant and victim suffered serious bodily injury, both to trigger application of aggravated assault guideline and to enhance the base offense level there under does not result in impermissible double counting. So if we don't have impermissible double counting for serious physical injury and then an adjustment of serious physical injury, we can't have impermissible double counting for strangulation and then the three-level bump up for strangulation. So that would be my best argument to that, Your Honor. Do you agree that the question before us is purely legal so that we review de novo? That is correct, Your Honor, I do. And I would point out and I would highlight in my briefing and defense counsel also addressed it, was the recent 11th Circuit case in United States v. Brigham. And that was the only authority that I was able to find that dealt specifically with the strangulation statute, most likely because it's a relatively new statute. But the argument that was raised in that case by the defendant is similar to the argument that's raised here, which is the defendant was convicted of strangulation, that behavior is incorporated in the base offense level, therefore it's improper double counting to then give him the three-level increase for strangulation. The 11th Circuit evaluated the statute. They determined, just like this Court has on multiple occasions, the Sentencing Commission understands what double counting is and they explicitly don't include that when it's not warranted. In this particular provision, Section 282.2, the guideline reads that these enhancements are to be applied cumulatively, and that's exactly what the district court did in this case. Therefore, based upon the Brigham decision and the Reese decision, we believe that the district court was correct and we'd ask that you affirm the sentence in this case. Thank you. You've got about two minutes. Maybe you want to distinguish how do you square your position with Reese. Certainly, I'll do my best. Reese was a case involving civil rights violations and a conspiracy to deprive victims of their civil rights. So the court, the sentencing court received guidance from the Sentencing Commission to apply the guideline that's most analogous to the offense of conviction. I think the analysis would have been different in that case if the guideline had said enhance by three levels if the offense involved civil rights violations or if the defendants conspired to violate civil rights of their charges in a housing police context or in any other police context. But I don't think that's what's going on here. Now, if we were to rule the way that you're asking, now that the 11th Circuit is weighed in and republished, would we be creating a circuit split? Not necessarily. I think the 11th Circuit decision is distinguishable and here's why. The appellant in that case did not make my argument. Mr. Hanlon's right that it involved the same statute, the same guideline, and a similar argument. But his argument in that case was that the application of the enhancement at issue here, whether the offense involves strangling a spouse and the enhancement for the degree of the victim's injury, that those two enhancements together constituted double counting. But it sort of sounds like he was wearing a red shirt instead of a blue shirt and that's how you're distinguishing it. They sound pretty similar. It is similar. I would concede that. But I think the difference is the reason why Brigham lost that appeal and why Mr. Harrington should win this appeal. I don't think Mr. Brigham, the defendant in that case, made the argument that the strangulation enhancement necessarily duplicates an offensive conviction. I see that my time is running short and I thank the court. I would ask it to vacate and remand for resentencing. Okay. Thank both sides for their arguments. Very helpful. United States v. Harrington submitted. Thank you.
judges: W. Fletcher, Callahan, Christen